CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 25 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. HARRIS, | ) | Civil Action No. 7:09-cv-00229 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Christopher S. Harris, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that he was denied due process and the evidence was insufficient to sustain his conviction. Upon screening the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court dismisses the petition as untimely filed.

I.

Petitioner acknowledges that a jury convicted him in the Circuit Court for the City of Lynchburg on January 26, 2005, for driving while intoxicated and driving while a habitual offender, in violation of Virginia Code §§ 18.2-266 and 46.2-357 respectively. Petitioner appealed to the Court of Appeals of Virginia, which denied his appeal, and to the Supreme Court of Virginia, which denied his petition for appeal on May 4, 2006. See Harris v. Commonwealth, No. 0345053 (Ct.App.Va. Dec. 7, 2005); Harris v. Commonwealth, No. 052652 (Sup.Ct.Va. May 4, 2006). After petitioner filed his state petition for a writ of habeas corpus, the Supreme Court of Virginia dismissed the petition on June 4, 2009, as untimely filed. (Pet. 20.) Petitioner alleges that the Supreme Court of Virginia dismissed the petition within two weeks of him sending the petition to it.[1] (Petr.'s Resp. (docket #4) ¶ 6.) Petitioner subsequently filed his federal petition

---

[1] Therefore, upon information and belief, the court will consider May 12, 2009, as the date he filed his state habeas petition via the prison mailbox rule.

for a writ of habeas corpus no earlier than June 6, 2009, the date he signed his petition under penalty of perjury.[2] (Pet. 10, 12.)

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[3] If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

In response to the court's conditional filing order advising petitioner that his petition appeared to be untimely filed, petitioner argued that his petition should be considered timely

---

[2]For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). It appears that petitioner signed his petition on June 6, 2009. (Pet. 10.) Accordingly, the court will assume for purposes of this opinion that he also "filed" it on that date by delivering it to prison authorities for mailing.

[3]The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

based on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(d)(1)(D). Petitioner argues in his petition that the General District Court for the City of Lynchburg is not a court of record, and, therefore, no record exists of that court's adjudication of petitioner as a habitual offender. (Pet. 5.) Petitioner states that he first discovered the record-keeping discrepancy when he inquired with the Virginia Department of Motor Vehicles ("DMV") about how to receive a license upon his release from incarceration. (Id. 4.) The DMV stated it received notification from the General District Court that petitioner was adjudged a habitual offender. (Id.) However, petitioner argues that DMV does not have an authenticated record of the order finding petitioner a habitual offender, and, thus, he should not have been subsequently convicted of driving while a habitual offender and is entitled to have his conviction for driving while a habitual offender vacated.

Following a jury trial, the Circuit Court for the City of Lynchburg convicted petitioner in January 2005 of driving while intoxicated and driving while a habitual offender. (Id. 1.) One of the elements necessary to be convicted of driving while a habitual offender is proof that the defendant was adjudged a habitual offender. See Va. Code § 46.2-357; Burke v. Commonwealth, 27 Va. App. 489, 490-92, 500 S.E.2d 225, 226-27 (Va. Ct. App. 1998). Therefore, the court finds that petitioner's arguments about the lack of proof concerning his adjudication as a habitual offender accrued during his state criminal trial when the exercise of due diligence would have discovered the Commonwealth allegedly did not possess proof of his habitual offender status. Accordingly, the court finds that the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review is the latest date to calculate petitioner's statute of limitations. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not timely file his § 2254 petition. Petitioner's conviction became final on August 2, 2006, ninety days after the Supreme Court of Virginia denied petitioner's direct appeal. See Sup. Ct. R. 13 (petitioner has 90 days from date of final judgment of highest state court to file a petition for a writ of certiorari with the United States Supreme Court); Clay v. United States, 537 U.S. 522, 528 (2003) (holding that the one-year limitations period runs from the date when the judgement of conviction became final at the end of direct review, or when the time for seeking such direct review expired). Therefore, the time for filing a federal habeas action began the next day, August 3, 2006. See 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his state habeas petition with the Supreme Court of Virginia in May 2009, nearly three years after his conviction became final.

On June 4, 2009, the Supreme Court of Virginia concluded that petitioner's state habeas petitioner was untimely filed and dismissed it. The one-year federal habeas filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). However, an untimely state habeas petition is not considered "properly" filed, and petitioner is not entitled to have his federal statute of limitations tolled during the two weeks his petition was pending with the Supreme Court of Virginia. Therefore, more than three years passed between when petitioner's conviction became final and when petitioner filed the instant petition. Accordingly, the court finds that petitioner did not timely file his federal habeas petition.

## III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as untimely filed. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 25th day of November, 2009.

_____
Senior United States District Judge